

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 9:06-CR-33 |
| | § | |
| MICHAEL BOYD | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On October 5, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Michael Boyd, on **Count II** of the charging **Indictment** filed in this cause.  Count II of the Indictment charges that on or about December 22, 2005, in the Eastern District of Texas, Michael Boyd, Defendant herein, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit:  Delivery

of a Controlled Substance, a felony, in Cause Number 11,717, in the 2nd Judicial District Court, Cherokee County, Texas, on February 27, 1992, and Voluntary Manslaughter, a felony, in Cause Number 12,006, in the 2nd Judicial District Court, Cherokee County, Texas, on August 13, 1993, did knowingly and unlawfully possess in and affecting commerce ammunition, to wit: Remington, .270 caliber cartridges, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). *See Indictment.*

Defendant, Michael Boyd, entered a plea of guilty to Count II of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.  That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant Michael Boyd's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Resume.* If the case proceeded to trial, the Government and Defendant agreed that the Government would prove, beyond a reasonable doubt, each and every essential element of the charging offense, namely, that the Defendant knowingly and unlawfully possessed ammunition in and affecting interstate commerce after he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Specifically, in support, the Government would establish, through the sworn testimony and evidence, the following facts, as stated in the *Factual Resume:*

Law enforcement officials with the Shelby County Sheriff's Department would testify that on December 22, 2005, they executed a search warrant at the residence of the Defendant in Center, Texas, which is in the Eastern District of Texas. When officers arrived, the Defendant and two other individuals ran out the back door of the residence and were apprehended immediately. When officers entered the residence, they observed a 12 gauge shotgun inside the front door, leaning up against the couch. The Defendant told the officers that he had been squirrel hunting with the shotgun earlier that morning. The shotgun belonged to the Defendant's nephew, Joshua Gray. Because the Defendant has a prior felony conviction, the officers arrested

arrested him on state charges of felon in possession of a firearm.

After the Defendant's arrest, the officers approached his vehicle and observed four shotgun shells in the front seat of the vehicle. During the inventory of the vehicle, officers recovered a box of Remington .270 caliber cartridges in a Wal-Mart sack, along with other shotgun shells. The Wal-Mart sack contained a receipt for the ammunition. The receipt was dated December 12, 2005. Officers then obtained a copy of the store's security video on that date, which depicted the Defendant purchasing the ammunition.

The Government would also prove that the Defendant was convicted of Delivery of a Controlled Substance, a felony, in Cause Number 11,717, in the 2nd Judicial District Court of Cherokee County, Texas on February 27, 1992 and Voluntary Manslaughter, a felony, in Cause Number 12, 006, in the 2nd Judicial District Court of Cherokee County, Texas on August 13, 1993.

Special Agent John Russell Morrison with the Bureau of Alcohol, Tobacco, Firearms, and Explosives is an expert in the area of interstate commerce as it relates to the manufacturing of firearms and ammunition. Special Agent Morrison would testify that he determined that the Remington .270 caliber cartridges possessed by the Defendant were not manufactured in Texas and, therefore, traveled in interstate commerce.

Defendant, Michael Boyd, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

**RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count II** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Michael Boyd, be finally adjudged as guilty of the charged offenses under Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 11st day of October, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

7